GREEN, Appellant, vs. CITY OF REEDSBURG, Respondent.

*December 8, 1915—January 11, 1916.*

*Municipal corporations: Injury from broken guy wire: Defect in sidewalk: When city chargeable with notice: Negligence in maintaining lighting plant: Defective construction: Inspection: Evidence.*

1. In an action against a city for injuries to a pedestrian who tripped over a guy wire which had broken and fallen across the sidewalk, it being undisputed that the wire was not broken about fifteen minutes before the accident it may be said as matter of law that the defect in the sidewalk caused by the wire being there had not existed long enough to charge the city with notice thereof.

2. Where in such case the guy wire was part of a commercial electric lighting plant maintained by the city, but the evidence did not show any defect in its original construction or any negligence in the matter of inspecting it, no liability based on breach of the city's duty to keep said plant in reasonably safe condition was established.

3. The mere fact that the wire broke, without evidence as to what caused it to break, does not show negligent inspection.

4. Evidence that the guy wire had been there eight years, that it

was not as heavy as is customarily used, and that it was attached to an anchor a short distance beneath the surface of the ground, but conflicting as to whether it broke above, below, or at the surface, fell short of proof of defective original construction.

5. If such an appliance is fairly adequate for the service required of it for a reasonable length of time it cannot be condemned as insufficient in original construction merely because it would not last as long as a more substantial appliance.

APPEAL from a judgment of the circuit court for Sauk county: JAMES O'NEILL, Judge. *Affirmed.*

Action to recover damages for personal injury. On November 17, 1913, at about 6:15 in the afternoon, plaintiff sustained an injury by reason of tripping over a guy wire, attached to an electric light pole, that had broken and fallen across the sidewalk on the north side of Main street at its intersection with the east line of Pine street in the city of *Reedsburg.* The city operated a commercial electric lighting plant and had installed and maintained the guy wire in question.

Notice of the injury was filed with the city clerk on November 19, 1913; a claim filed with the council on March 3, 1914; summons and complaint served July 27, 1914; and the action tried September 22, 1914.

At the close of plaintiff's testimony the court granted defendant's motion for nonsuit. From a judgment entered accordingly the plaintiff appealed.

*James A. Stone,* for the appellant.

For the respondent there was a brief signed by *Henry J. Bohn,* attorney, and *Grotophorst, Evans & Thomas,* of counsel, and oral argument by *Evan A. Evans.*

VINJE, J. The questions whether this is an action under sec. 1339, Stats. 1913, to recover damages sustained by reason of an insufficient sidewalk or an action founded upon the negligent construction and maintenance of the commercial

electric plant of the defendant; whether the precise claim now relied upon for a recovery was ever presented to the city council; and whether the evidence shows that the council failed to act upon the claim presented so as to authorize the maintenance of the action, need not be determined.   For the purpose of the decision we shall assume that the action may be either one under sec. 1339 or one for negligent construction and maintenance of the defendant's commercial electric lighting plant; that the proper claim was filed; and that the council neglected to pass upon it within the time required by the charter.

It seems the circuit court held the action was one under sec. 1339, and that there was no evidence from which it could be found that such an injury as plaintiff sustained could reasonably be anticipated from the manner in which the guy wire was constructed and maintained, and hence the insufficiency of the sidewalk, if it was insufficient, was not the proximate cause of plaintiff's injury.   We need not now inquire into the soundness of this view because we prefer to sustain the nonsuit upon the ground that the evidence showed no defect in the original construction of the guy wire, and it failed to show that defendant had not met the legal requirements as to inspection.   It is undisputed that the wire was not broken about fifteen minutes prior to the accident.   That being so, it can be said as a matter of law that the defect in the sidewalk caused by the wire being there had not existed long enough to charge defendant with notice thereof.   If it be urged that the broken wire was evidence of failure of inspection and so proof of negligence in an action based upon the duty of the city to keep its commercial electric lighting plant in a reasonably safe condition, the answer is that it does not appear what caused the wire to break.   There is evidence that it had rusted some, but it is not shown that the break was the result of such rusting only.   For aught that appears the wire may have broken because subjected to some

unusual strain by a boy trying to swing on it, or a vehicle backing into it or against the pole to which it was attached, or in some other way. Were it the case of a rotten sidewalk or of some other structure of considerable size readily seen, or were the defect one apparent to the view, its condition might spell negligent inspection. But in the absence of all proof on the subject we cannot say that the condition of the wire evidenced negligent inspection.

Hence, there being no evidence of failure to inspect, the only ground upon which plaintiff could recover, whether the action is one under sec. 1339 or not, would be because of defective construction. There is some evidence that the wire was not as heavy as is customarily used and that it was partly buried in the ground where attached to the anchor. It seems earth had been filled in around the anchor some considerable time after it was set and that it covered the wire a short distance. The evidence is in dispute as to whether the wire broke above, below, or at the surface of the ground. It had been there eight years. Conceding that a heavier wire would have lasted longer before rusting out, still it cannot be said to be negligence to use a wire lasting not more than eight years. There is no evidence that in a fairly sound condition the wire used was not sufficient to bear any strain that it could be reasonably anticipated would be put upon it.

A person is not bound to use the heaviest kind of appliances or those that will last the longest. If the appliance used is fairly adequate for the service required of it for a reasonable length of time it cannot be condemned as insufficient in original construction because it has to be replaced sooner than another more substantial appliance. Therefore plaintiff's evidence tending to show that the wire put in would not sustain as great a strain and would not last as long as a heavier wire, in view of the fact that the wire had served efficiently for eight years, fell short of proof of defective construction. A heavier wire, owing to the action of the elements, would at some time have to be replaced.

It is elementary that in any action to recover damages for a personal injury it is essential to a recovery that negligence on the part of the defendant proximately causing the injury be established. Plaintiff has failed to produce proof from which a jury could find such negligence and hence the non-suit was properly granted.

*By the Court.*—Judgment affirmed.

SIEBECKER and BARNES, JJ., dissent.